UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS SANDERS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>GARY SWARTHOUT,<br><br>　　　　Respondent. | Case No. 14-cv-03610-YGR (PR)<br><br>**ORDER LIFTING STAY AND DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED** |

　　　　Petitioner, a state prisoner, has filed this *pro* se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On August 29, 2014, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his administrative remedies. Petitioner has since informed the Court that his state proceedings had concluded. On April 10, 2015, he filed a first amended habeas petition containing his exhausted claims.

　　　　Before the Court are Petitioner's motion to lift the stay and his implied motion for leave to file his first amended petition. Dkt. 8.

　　　　Good cause appearing, Petitioner's motion to lift the stay is GRANTED. Petitioner is also GRANTED leave to file his first amended petition. The Clerk of the Court is directed to mark Petitioner's first amended petition as filed on April 10, 2015, the date it was received.

　　　　The Clerk of the Court shall REOPEN this case and serve a copy of this Order and the first amended petition and all attachments thereto (dkt. 10) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

　　　　Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing

Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty (60) days** after the date Petitioner is served with Respondent's Answer.

It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

This Order terminates Docket No. 8.

IT IS SO ORDERED.

Dated: April 17, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge